UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

        Petitioner,

      v.                               Case No. 21-C-122

LARRY FUCHS,

        Respondent.

## SCREENING ORDER

On January 28, 2021, Brandon Bradley, Sr., filed this petition for federal habeas corpus pursuant to 28 U.S.C. § 2254. Bradley filed with his petition a copy of his prisoner trust fund account statement. I am satisfied that he lacks sufficient funds to pay the $5.00 filing fee. Accordingly, the Court will allow Bradley to proceed without prepayment of costs.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Bradley asserts that this petition regards Dodge County Circuit Court Case Nos. 18-cf-158 and 19-cf-77. He indicates in his petition that he was acquitted of all charges and that those cases were dismissed. "[T]he essence of habeas corpus is an attack by a person in custody upon the

legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Because Bradley is not challenging a conviction or sentence related to Case Nos. 18-cf-158 and 19-cf-77, his petition must be dismissed.

In light of Bradley's litigation history, the Court deems it appropriate to warn Bradley that, in the event Bradley files any further frivolous habeas petitions that do not challenge a conviction or sentence in this Court, he may be fined $500.00 and restricted from filing any papers in furtherance of civil litigation in this District, other than a habeas action, until he tenders payment of the full amount of the fine. Any new habeas action may also be deemed dismissed 30 days after filing unless otherwise ordered by this Court. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

**IT IS THEREFORE ORDERED** that Bradley's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases, and the Clerk is directed to enter judgment dismissing the case. A certificate of appealability will be denied. I do not believe that reasonable jurists would believe that Bradley has made a substantial showing of the denial of a constitutional right.

Bradley is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

Dated at Green Bay, Wisconsin this 29th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2